UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | No. 4:22-CR-00095-2 |
| | : | |
| v. | : | (Chief Judge Brann  ) |
| | : | |
| **WILBER SORI SAN MIGUEL**, | : | (electronically filed) |
| Defendant | : | |

## PLEA AGREEMENT

The following Plea Agreement is entered by the United States Attorney for the Middle District of Pennsylvania and the above-captioned defendant.  Any reference to the United States or to the Government in this Agreement shall mean the Office of the United States Attorney for the Middle District of Pennsylvania.

## A. Violation(s), Penalties, and Dismissal of Other Counts

1. <u>Guilty plea</u>.  The defendant agrees to plead guilty to Count 1 of the Indictment, which charges the defendant with a violation of Title 18, United States Code, § 371, conspiracy to unlawfully transport and transfer stolen property in interstate commerce. The maximum penalty for that offense is imprisonment for a period of 5 years, a fine of $250,000, a maximum term of supervised release of 3 years, which shall be served at the

conclusion of, and in addition to, any term of imprisonment, as well as the costs of prosecution, imprisonment, probation, or supervised release ordered, denial of certain federal benefits, and an assessment in the amount of $100. At the time the guilty plea is entered, the defendant shall admit to the Court that the defendant is, in fact, guilty of the offense(s) charged in that count. After sentencing, the United States will move for dismissal of any remaining counts of the Indictment. The defendant agrees, however, that the United States may, at its sole election, reinstate any dismissed charges, or seek additional charges, in the event that any guilty plea entered or sentence imposed pursuant to this Agreement is subsequently vacated, set aside, or invalidated by any court. The defendant further agrees to waive any defenses to reinstatement of any charges, or to the filing of additional charges, based upon laches, the assertion of speedy trial rights, any applicable statute of limitations, or any other ground. The calculation of time under the Speedy Trial Act for when trial must commence is tolled as

2

of the date of the defendant's signing of this Agreement, until either (a) the defendant pleads guilty; or (b) a new date is set by the Court for commencement of trial.

2.  No Further Prosecution, Except Tax Charges. The United States Attorney's Office for the Middle District of Pennsylvania agrees that it will not bring any other criminal charges against the defendant directly arising out of the defendant's involvement in the offense(s) described above. However, nothing in this Agreement will limit prosecution for criminal tax charges, if any, arising out of those offenses.

## B. Fines and Assessments

3.  Fine. The defendant understands that the Court may impose a fine pursuant to the Sentencing Reform Act of 1984. The willful failure to pay any fine imposed by the Court, in full, may be considered a breach of this Plea Agreement. Further, the defendant acknowledges that willful failure to pay the fine may subject the defendant to additional criminal violations and civil

3

penalties pursuant to Title 18, United States Code, § 3611, et
seq.

4.   Alternative Fine.  The defendant understands that under the
alternative fine section of Title 18, United States Code, § 3571,
the maximum fine quoted above may be increased if the Court
finds that any person derived pecuniary gain or suffered
pecuniary loss from the offense and that the maximum fine to
be imposed, if the Court elects to proceed in this fashion, could
be twice the amount of the gross gain or twice the amount of the
gross loss resulting from the offense.

5.   Inmate Financial Responsibility Program.  If the Court orders a
fine or restitution as part of the defendant's sentence, and the
sentence includes a term of imprisonment, the defendant agrees
to voluntarily enter the United States Bureau of Prisons-
administered program known as the Inmate Financial
Responsibility Program, through which the Bureau of Prisons
will collect up to 50% of the defendant's prison salary, and up to
50% of the balance of the defendant's inmate account, and apply

4

that amount on the defendant's behalf to the payment of the
outstanding fine and restitution orders.

6.  Special Assessment.  The defendant understands that the Court
will impose a special assessment of $100, pursuant to the
provisions of Title 18, United States Code, § 3013.  No later
than the date of sentencing, the defendant or defendant's
counsel shall mail a check in payment of the special assessment
directly to the Clerk, United States District Court, Middle
District of Pennsylvania.  If the defendant intentionally fails to
make this payment, that failure may be treated as a breach of
this Plea Agreement and may result in further prosecution, the
filing of additional criminal charges, or a contempt citation.

7.  Collection of Financial Obligations.  In order to facilitate the
collection of financial obligations imposed in connection with
this case, the defendant consents and agrees:

a.   to fully disclose all assets in which the defendant has an
interest or over which the defendant has control, directly or

indirectly, including those held by a spouse, nominee, or other third party;

b.  to submit to interviews by the Government regarding the defendant's financial status;

c.  to submit a complete, accurate, and truthful financial statement, on the form provided by the Government, to the United States Attorney's Office no later than 14 days following entry of the guilty plea;

d.  whether represented by counsel or not, to consent to contact by and communication with the Government, and to waive any prohibition against communication with a represented party by the Government regarding the defendant's financial status;

e.  to authorize the Government to obtain the defendant's credit reports in order to evaluate the defendant's ability to satisfy any financial obligations imposed by the Court; and

f.  to submit any financial information requested by the Probation Office as directed, and to the sharing of financial

6

information between the Government and the Probation Office.

## C. Sentencing Guidelines Calculation

8. Determination of Sentencing Guidelines.  The defendant and counsel for both parties agree that the United States Sentencing Commission Guidelines, which took effect on November 1, 1987, and its amendments (the "Sentencing Guidelines"), will apply to the offense or offenses to which the defendant is pleading guilty. The defendant understands that the Sentencing Guidelines are advisory and not binding on the Court.  The defendant further agrees that any legal and factual issues relating to the application of the Sentencing Guidelines to the defendant's conduct, including facts to support any specific offense characteristic or other enhancement or adjustment and the appropriate sentence within the statutory maximums provided for by law, will be determined by the Court after briefing, a pre-sentence hearing, or a sentencing hearing.

9.  Acceptance of Responsibility– Two/Three Levels.  If the defendant can adequately demonstrate recognition and affirmative acceptance of responsibility to the Government as required by the Sentencing Guidelines, the Government will recommend that the defendant receive a two- or three-level reduction in the defendant's offense level for acceptance of responsibility. The third level, if applicable, shall be within the discretion of the Government under U.S.S.G. § 3E1.1. The failure of the Court to find that the defendant is entitled to a reduction shall not be a basis to void this Agreement.

10. Specific Sentencing Guidelines Recommendations.  With respect to the application of the Sentencing Guidelines to the defendant's conduct, the parties agree to recommend as follows:

    **(1) The value of the stolen property taken, received, and transported by the defendant in interstate commerce was more than $40,000 but less than $95,000 under § 2B1.1(b) of the Sentencing Guidelines.**

    Each party reserves the right to make whatever remaining arguments it deems appropriate with regard to application of

the United States Sentencing Commission Guidelines to the defendant's conduct. The defendant understands that any recommendations are not binding upon either the Court or the United States Probation Office, which may make different findings as to the application of the Sentencing Guidelines to the defendant's conduct. The defendant further understands that the United States will provide the Court and the United States Probation Office all information in its possession that it deems relevant to the application of the Sentencing Guidelines to the defendant's conduct.

## D. **Sentencing Recommendation**

11. <u>Specific Recommendation of Sentence</u>. At the time of sentencing, the United States will make a specific recommendation within the applicable Sentencing Guidelines range and reserves the right to recommend the maximum sentence within that range.

12. <u>Joint Plea Agreement</u>. The defendant agrees and understands that an express condition of this Agreement is that co-defendant

JOSE WILLIAM PEREZ FELIPE ~~waive indictment~~ and plead

guilty to Count 1 of the Indictment charging conspiracy to

unlawfully transport and transfer stolen property in interstate

commerce.  The failure of the codefendant to plead guilty to

Count 1 will be grounds for the United States to rescind this

Agreement and proceed to trial against the defendant on

charges pending against the defendant.  In addition, the

defendant agrees that the United States may, at its sole

election, reinstate any dismissed counts in the event that the

charges to which the codefendant has pleaded guilty are

subsequently vacated or set aside by the Court or any appellate

court.  The defendant further agrees to waive any defenses to

the reinstatement of those charges based upon laches, the

assertion of speedy trial rights, any applicable statute of

limitations, or any other grounds in the event that the co-

defendant successfully vacates or sets aside any conviction

imposed upon the information.

E.  **Victims' Rights and Restitution**

10

13. <u>Victims' Rights</u>.  The defendant understands that pursuant to the Victim and Witness Protection Act, the Crime Victims' Rights Act, the Justice for All Act, and the regulations promulgated under those Acts by the Attorney General of the United States, crime victims have the following rights:

a.  The right to be reasonably protected from the accused;

b.  The right to reasonable, accurate, and timely notice of any public court proceeding or any parole proceeding involving the crime, or of any release or escape of the accused;

c.  The right not to be excluded from any such public court proceeding, unless the Court, after receiving clear and convincing evidence, determines that testimony by the victim would be altered materially if the victim heard other testimony at that proceeding;

d.  The right to be reasonably heard at any public hearing in the Court involving release, plea, sentencing, or any parole proceeding.  The defendant understands that the victims' comments and recommendations at any of these proceedings

11

may be different than those of the parties to this
Agreement;

e.   The reasonable right to confer with the attorney for the
Government in the case.  The defendant understands that
the victims' opinions and recommendations given to the
attorney for the Government may be different than those
presented by the United States as a consequence of this
Agreement;

f.   The right to full and timely restitution as provided for by
law.  The attorney for the Government is required to "fully
advocate the rights of victims on the issue of restitution
unless such advocacy would unduly prolong or complicate
the sentencing proceeding," and the Court is authorized to
order restitution by the defendant including, but not limited
to, restitution for property loss, economic loss, personal
injury, or death;

g.   The right to proceedings free from unreasonable delay; and

12

h.  The right to be treated with fairness and with respect for the victim's dignity and privacy.

14. Restitution.  The defendant acknowledges that, pursuant to the Mandatory Restitution Act of April 24, 1996, Title 18, United States Code, § 3663A, the Court is required in all instances to order full restitution to all victims for the losses those victims have suffered as a result of the defendant's conduct.  The defendant also agrees that the Government will seek, and the Court may impose an order of restitution as to victims of the defendant's relevant conduct.  With respect to the payment of restitution, the defendant further agrees that, as part of the sentence in this matter, the defendant shall be responsible for making payment of restitution in full, unless the defendant can demonstrate to the satisfaction of the Court that the defendant's economic circumstances do not allow for the payment of full restitution in the foreseeable future, in which case the defendant will be required to make partial restitution payments.  In addition to the schedule of payments that may be

13

established by the Court, the defendant understands and agrees

that, pursuant to the Mandatory Victims Restitution Act of

1996 and the Justice For All Act of 2004, victims of federal

crimes are entitled to full and timely restitution.  As such, these

payments do not preclude the Government from using other

assets or income of the defendant to satisfy the restitution

obligation.  The defendant understands and agrees that the

United States Attorney's Office, by and through the Financial

Litigation Unit, has the obligation and the right to pursue any

legal means, including but not limited to, submission of the debt

to the Treasury Offset Program, to collect the full amount of

restitution owed to the victims in a timely fashion.  Although

the defendant may reserve the right to contest the amount of

restitution owed, the defendant agrees to take all steps to

facilitate collection of all restitution, including submitting to

debtor's exams as directed by the Government.  Towards this

goal, the defendant agrees to waive any further notice of

forfeiture and agrees that the United States may, at its sole

14

election, elect to pursue civil or criminal forfeiture in the amount of the victim restitution owed in this case, and the Court may enter both a restitution order and a forfeiture judgment in the amount of any unpaid restitution found by the Court to be due and owing at the time of sentencing in this matter. The defendant consents to the filing of any civil complaint or superseding information which may be necessary to perfect a forfeiture order and further stipulates and agrees that the defendant's guilty plea constitutes an admission to all matters legally and factually necessary for entry of a forfeiture order in this case. The parties agree that the Government will recommend, but cannot guarantee, that any assets recovered through forfeiture proceedings be remitted to crime victims to reduce the defendant's restitution obligation in this case. The defendant acknowledges that the making of any payments does not preclude the Government from using other assets or income of the defendant to satisfy the restitution obligation. The defendant understands that the amount of restitution

15

calculated for purposes of Chapter 5 of the Sentencing Guidelines might be different from the amount of loss calculated for purposes of Chapter 2 of the Sentencing Guidelines.

15. <u>Full Restitution by Schedule</u>.  The defendant agrees to make full restitution in accordance with a schedule to be determined by the Court.

## F. <u>Information Provided to Court and Probation Office</u>

16. <u>Background Information for Probation Office</u>.  The defendant understands that the United States will provide to the United States Probation Office all information in its possession that the United States deems relevant regarding the defendant's background, character, cooperation, if any, and involvement in this or other offenses.

17. <u>Objections to Pre-Sentence Report</u>.  The defendant understands that pursuant to the United States District Court for the Middle District of Pennsylvania's "Policy for Guideline Sentencing," both the United States and defendant must communicate to the Probation Officer within 14 days after disclosure of the pre-

sentence report any objections they may have as to material information, sentencing classifications, applicable Sentencing Guidelines ranges, and policy statements contained in or omitted from the report.  The defendant agrees to meet with the United States at least five days prior to sentencing in a good faith attempt to resolve any substantive differences.  If any issues remain unresolved, they shall be communicated to the Probation Officer for inclusion in an addendum to the pre-sentence report.  The defendant agrees that unresolved substantive objections will be decided by the Court after briefing, a pre-sentence hearing, or at the sentencing hearing, where the standard or proof will be a preponderance of the evidence, and the Federal Rules of Evidence, other than with respect to privileges, shall not apply under Fed. R. Evid. 1101(d)(3), and the Court may consider any reliable evidence, including hearsay.  Objections by the defendant to the pre-sentence report or the Court's rulings, will not be grounds for withdrawal of a plea of guilty.

18. <u>Relevant Sentencing Information</u>.  At sentencing, the United States will be permitted to bring to the Court's attention, and the Court will be permitted to consider, all relevant information about the defendant's background, character and conduct, including the conduct that is the subject of the charges that the United States has agreed to dismiss, and the nature and extent of the defendant's cooperation, if any.  The United States will be entitled to bring to the Court's attention and the Court will be entitled to consider any failure by the defendant to fulfill any obligation under this Agreement.

19. <u>Non-Limitation on Government's Response</u>.  Nothing in this Agreement shall restrict or limit the nature or content of the United States' motions or responses to any motions or appeals filed on behalf of the defendant.  Nor does this Agreement in any way restrict the Government in responding to any request by the Court for briefing, argument or presentation of evidence regarding the application of Sentencing Guidelines to the

defendant's conduct, including but not limited to, requests for information concerning possible sentencing departures.

## G. Court Not Bound by Plea Agreement

20. Court Not Bound by Terms. The defendant understands that the Court is not a party to and is not bound by this Agreement, or by any recommendations made by the parties. Thus, the Court is free to impose upon the defendant any sentence up to and including the maximum sentence of imprisonment for 5 years, a fine of $250,000, a maximum term of supervised release of up to 3 years, which shall be served at the conclusion of and in addition to any term of imprisonment, the costs of prosecution, denial of certain federal benefits, and assessments totaling $100.

21. No Withdrawal of Plea Based on Sentence or Recommendations. If the Court imposes a sentence with which the defendant is dissatisfied, the defendant will not be permitted to withdraw any guilty plea for that reason alone, nor will the defendant be permitted to withdraw any guilty plea should the Court decline

19

to follow any recommendations by any of the parties to this Agreement.

## H.  Breach of Plea Agreement by Defendant

22. Breach of Agreement.  In the event the United States believes the defendant has failed to fulfill any obligation under this Agreement, then the United States shall, in its discretion, have the option of petitioning the Court to be relieved of its obligations under this Agreement.  Whether the defendant has completely fulfilled all of the obligations under this Agreement shall be determined by the Court in an appropriate proceeding, during which any disclosures and documents provided by the defendant shall be admissible, and during which the United States shall be required to establish any breach by a preponderance of the evidence.  In order to establish any breach by the defendant, the United States is entitled to rely on statements and evidence given by the defendant during the cooperation phase of this Agreement, if any.

23. <u>Remedies for Breach</u>.  The defendant and the United States agree that in the event the Court concludes that the defendant has breached the Agreement:

   a.  The defendant will not be permitted to withdraw any guilty plea tendered under this Agreement and agrees not to petition for withdrawal of any guilty plea;

   b.  The United States will be free to make any recommendations to the Court regarding sentencing in this case;

   c.  Any evidence or statements made by the defendant during the cooperation phase of this Agreement, if any, will be admissible at any trials or sentencings;

   d.  The United States will be free to bring any other charges it has against the defendant, including any charges originally brought against the defendant or which may have been under investigation at the time of the plea.  The defendant waives and hereby agrees not to raise any defense to the reinstatement of these charges based upon collateral

21

estoppel, Double Jeopardy, statute of limitations, assertion

of Speedy Trial rights, or other similar grounds.

24. <u>Violation of Law While Plea or Sentence Pending</u>.  The

defendant understands that it is a condition of this Agreement

that the defendant refrain from any further violations of state,

local, or federal law while awaiting plea and sentencing.  The

defendant acknowledges and agrees that if the Government

receives information that the defendant has committed new

crimes while awaiting plea or sentencing in this case, the

Government may petition the Court and, if the Court finds by a

preponderance of the evidence that the defendant has

committed any other criminal offense while awaiting plea or

sentencing, the Government shall be free at its sole election to

either:  (a) withdraw from this Agreement; or (b) make any

sentencing recommendations to the Court that it deems

appropriate.  The defendant further understands and agrees

that, if the Court finds that the defendant has committed any

other offense while awaiting plea or sentencing, the defendant

22

will not be permitted to withdraw any guilty pleas tendered pursuant to this Agreement, and the government will be permitted to bring any additional charges that it may have against the defendant.

## I. **Deportation**

25. Deportation/Removal from the United States. The defendant understands that, if defendant is not a United States citizen, deportation/removal from the United States is a consequence of this plea. The defendant further agrees that this matter has been discussed with counsel who has explained the immigration consequences of this plea. The defendant still desires to enter into this plea after having been so advised.

26. Agreement to Deportation. The defendant understands that he/she will be deported from the United States as a result of this conviction and the defendant agrees not to oppose any such removal/deportation proceedings or to appeal any order of removal/deportation. Furthermore, the defendant agrees to

cooperate with the United States in all proceedings and actions related to deportation in order to expedite deportation.

## J. Other Provisions

27. Agreement Not Binding on Other Agencies.  Nothing in this Agreement shall bind any other United States Attorney's Office, state prosecutor's office, or federal, state, or local law enforcement agency.

28. No Civil Claims or Suits.  The defendant agrees not to pursue or initiate any civil claims or suits against the United States of America, its agencies or employees, whether or not presently known to the defendant, arising out of the investigation, prosecution or cooperation, if any, covered by this Agreement, including but not limited to any claims for attorney's fees and other litigation expenses arising out of the investigation and prosecution of this matter.  By the defendant's guilty plea in this matter the defendant further acknowledges that the Government's position in this litigation was taken in good faith, had a substantial basis in law and fact and was not vexatious.

24

29. <u>Plea Agreement Serves Ends of Justice</u>.  The United States is
entering this Agreement with the defendant because this
disposition of the matter fairly and adequately addresses the
gravity of the offense(s) from which the charge(s) is/are drawn,
as well as the defendant's role in such offense(s), thereby
serving the ends of justice.

30. <u>Merger of All Prior Negotiations</u>.  This document states the
complete and only Agreement between the United States
Attorney for the Middle District of Pennsylvania and the
defendant in this case, and is binding only on the parties to this
Agreement and supersedes all prior understandings or plea
offers, whether written or oral.  This agreement cannot be
modified other than in writing that is signed by all parties or on
the record in court.  No other promises or inducements have
been or will be made to the defendant in connection with this
case, nor have any predictions or threats been made in
connection with this plea.  Pursuant to Rule 11 of the Federal
Rules of Criminal Procedure, the defendant certifies that the

25

defendant's plea is knowing and voluntary and is not the result

of force or threats or promises apart from those promises set

forth in this Agreement.

31. Defendant is Satisfied with Assistance of Counsel. The

Defendant agrees that the defendant has discussed this case

and this Agreement in detail with the defendant's attorney, who

has advised the defendant of the defendant's Constitutional and

other trial and appellate rights, the nature of the charges, the

elements of the offenses the United States would have to prove

at trial, the evidence the United States would present at such

trial, possible defenses, the advisory Sentencing Guidelines and

other aspects of sentencing, potential losses of civil rights and

privileges, and other potential consequences of pleading guilty

in this case. The defendant agrees that the defendant is

satisfied with the legal services and advice provided to the

defendant by the defendant's attorney.

32. Deadline for Acceptance of Plea Agreement. The original of this

Agreement must be signed by the defendant and defense

26

counsel and received by the United States Attorney's Office on or before 5:00 p.m., June 30, 2022, otherwise the offer may, in the sole discretion of the Government, be deemed withdrawn.

33. <u>Required Signatures</u>. None of the terms of this Agreement shall be binding on the Office of the United States Attorney for the Middle District of Pennsylvania until signed by the defendant and defense counsel and then signed by the United States Attorney or his designee.

## **ACKNOWLEDGMENTS**

I have read this agreement and carefully reviewed every part of it with my attorney. I fully understand it and I voluntarily agree to it.

7/1/22
Date

_____
WILBER SORI SAN MIGUEL
Defendant

I am the defendant's counsel. I have carefully reviewed every part of this agreement with the defendant. To my knowledge, my client's decision to enter into this agreement is an informed and voluntary one.

7/1/22
Date

_____
DONALD F. MARTINO, ESQ.
Counsel for Defendant

27

I certify that the plea agreement was read in its entirety to the defendant in the _____ language and that it was a true and accurate translation.

_____
Date

_____
(print name) *Luis Lopera*
Interpreter

**GERARD M. KARAM**
~~JOHN C. GURGANUS~~                    *GR*
United States Attorney

7-25-2022
Date

By: _____
GEORGE J. ROCKTASHEL
Assistant United States Attorney

GJR/tf/2021R00865/June 13, 2022
VERSION DATE:  March 8, 2021

28